IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JOHNSON SERVICE GROUP, INC., | § | |
| | § | |
| Plaintiff-counterdefendant, | § | |
| | § | |
| | § | Civil Action No. 3:10-CV-1988-D |
| VS. | § | |
| | § | |
| OLIVIA FRANCE, | § | |
| | § | |
| Defendant, | § | |
| | § | |
| and | § | |
| | § | |
| APOLLO DESIGN SERVICES, INC., | § | |
| | § | |
| Defendant-counterplaintiff. | § | |

MEMORANDUM OPINION
AND ORDER

Plaintiff-counterdefendant Johnson Service Group, Inc. ("JSG") moves to dismiss the counterclaim of defendant-counterplaintiff Apollo Design Services, Inc., d/b/a Apollo Professional Solutions, Inc. ("Apollo"), or, alternatively, for a more definite statement. For the reasons set forth below, the court grants JSG's motion to dismiss, denies as moot JSG's motion for a more definite statement, and grants Apollo leave to replead its counterclaim.

I

The background facts and procedural history of this case are set out in the court's memorandum opinion addressing JSG's motion for a preliminary injunction. *See Johnson Serv. Grp., Inc. v. France*, 2011 WL 111582, at *1-2 (N.D. Tex. Jan. 13, 2011) (Fitzwater, C.J.) ("*Johnson I*"). The court will therefore briefly

summarize the facts that are pertinent to deciding the present motions. In examining Apollo's counterclaim, the court accepts all well-pleaded facts as true and views them in the light most favorable to Apollo. *See In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007) (quoting *Martin K. Eby Constr. Co. v. Dallas Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004)).

This action arises out of the resignation of defendant Olivia France ("France") as an employee of JSG, an employee staffing company. JSG has made a preliminary showing that, in the course of France's employment, she began negotiating a staffing services agreement with Barnes Aerospace, Inc. ("Barnes") on behalf of JSG. *Johnson I*, 2011 WL 111582, at *1. France resigned before JSG signed a contract with Barnes. *Id.* She later began working for Apollo, a direct competitor of JSG, and Apollo began placing employees at Barnes. According to JSG, France used the personnel sourcing and selection efforts of JSG for Apollo.

JSG sued France for breach of contract, breach of the duty of loyalty, misappropriation of trade secrets, and conspiracy to unlawfully harm JSG. JSG sued Apollo for tortious interference with an employment agreement between France and JSG, misappropriation of trade secrets, and conspiracy to unlawfully harm JSG. JSG also sought injunctive and declaratory relief, and the court entered a preliminary injunction.

In its answer, Apollo asserts a counterclaim for tortious

interference, alleging that Apollo had an ongoing business relationship and a valid business contract with Barnes; JSG tortiously interfered with the contract between Barnes and Apollo; and, as a direct and proximate result, Apollo suffered and will continue to suffer financial loss. JSG moves to dismiss this counterclaim or, alternatively, for a more definite statement.

II

JSG argues that Apollo has failed to state a claim for tortious interference against JSG because Apollo has not pleaded facts to support its conclusory recitation of the law.

A

Fed. R. Civ. P. 8(a)(2) provides that "[a] pleading that states a claim for relief must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief[.]" Although "the pleading standard Rule 8 announces does not require 'detailed factual allegations,'" it demands more than "'labels and conclusions.'" *Ashcroft v. Iqbal*, ___ U.S. ___, 129 S.Ct. 1937, 1949 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). And "'a formulaic recitation of the elements of a cause of action will not do.'" *Id.* (quoting *Twombly*, 550 U.S. at 555). "The court does not, however, 'rely upon conclusional allegations or legal conclusions that are disguised as factual allegations.'" *Jackson v. Fed. Express Corp.*, 2006 WL 680471, at *14 (N.D. Tex. Mar. 14, 2006) (Fitzwater, J.)

(quoting *Jeanmarie v. United States*, 242 F.3d 600, 602-03 (5th Cir. 2001)).

In deciding a Rule 12(b)(6) motion, "[t]he 'court accepts all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff.'" *Katrina Canal Breaches Litig.*, 495 F.3d at 205 (quoting *Martin K. Eby Constr.*, 369 F.3d at 467). To survive the motion, a party alleging a claim for relief must plead enough facts "to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the [party] pleads factual content that allows the court to draw the reasonable inference that the [party against whom the relief is sought] is liable for the misconduct alleged." *Iqbal*, 129 S.Ct. at 1949 (citing *Twombly*, 550 U.S. 556). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.*; *see also Twombly*, 550 U.S. at 555 ("Factual allegations must be enough to raise a right to relief above the speculative level[.]").

B

Under Texas law, to establish a tortious interference claim, Apollo must prove "(1) the existence of a contract subject to interference; (2) a willful and intentional act of interference with the contract; (3) that such interference proximately caused injury; and (4) that actual damage or loss occurred." *Metropcs*

- 4 -

*Wireless, Inc. v. Virgin Mobile USA, L.P.*, 2009 WL 3075205, at *20 (N.D. Tex. Sept. 25, 2009) (Fitzwater, C.J.) (citing *Amigo Broad., LP v. Spanish Broad. Sys., Inc.*, 521 F.3d 472, 489 (5th Cir. 2008)). In its counterclaim, Apollo alleges that (1) it had an ongoing business relationship and a valid business contract with Barnes; (2) after Apollo hired France, JSG intentionally and tortiously interfered with the contract between Apollo and Barnes; and (3) as a direct and proximate result of JSG's interference, Apollo suffered and will continue to suffer financial loss. Apollo does not allege any other facts, however, in support of its counterclaim. Instead, Apollo restates the elements of a tortious interference claim under Texas law and inserts the names of the parties involved. As JSG notes, Apollo does not specify the nature of its contract or ongoing business relationship with Barnes, the nature of JSG's interference, or what loss Apollo suffered.

Although Apollo is not required to provide detailed factual allegations, it must provide more than labels and conclusions. *See Iqbal*, 129 S.Ct. at 1949. Apollo's counterclaim must be plausible, meaning that Apollo must plead factual content that allows the court to reasonably infer that JSG is liable for tortious interference. *See id.; Twombly*, 550 U.S. at 570. The court holds that Apollo has not pleaded such factual content; instead, Apollo's counterclaim consists only of conclusory allegations. The court holds that Apollo has not stated a claim upon which relief can be

granted. Because the court grants JSG's motion to dismiss for failure to state a claim upon which relief can be granted, the court denies JSG's motion for a more definite statement as moot.

III

Although the court is dismissing Apollo's tortious interference counterclaim, it will permit Apollo to replead. Courts often grant claimants one opportunity to refile a dismissed claim, unless it appears the claimant cannot cure the initial deficiencies in the pleading. *See In re Am. Airlines, Inc., Privacy Litig.*, 370 F.Supp.2d 552, 567-68 (N.D. Tex. 2005) (Fitzwater, J.) (addressing deficiencies in complaints) ("[D]istrict courts often afford plaintiffs at least one opportunity to cure pleading deficiencies before dismissing a case, unless it is clear that the defects are incurable or the plaintiffs advise the court that they are unwilling or unable to amend in a manner that will avoid dismissal.") (internal quotation marks and citation omitted). Because there is no indication that Apollo cannot, or is unwilling to, cure the defects identified regarding its tortious interference counterclaim, the court grants Apollo 30 days from the date this memorandum opinion and order is filed to file an amended answer that states a tortious interference counterclaim upon which relief can be granted.

* * *

JSG's November 18, 2010 motion to dismiss Apollo's counterclaim is granted, and its November 18, 2010 motion for a more definite statement is denied as moot. Apollo is granted 30 days from the date this memorandum opinion and order is filed to file an amended answer that states a tortious interference counterclaim upon which relief can be granted.

**SO ORDERED.**

January 27, 2011.

_____
SIDNEY A. FITZWATER
CHIEF JUDGE